Ira D. Tokayer, Esq. (IT-4734)
LAW OFFICES OF IRA DANIEL TOKAYER
42 West 38th Street, Suite 802
New York, New York 10018
Telephone: (212) 695-5250
Facsimile: (212) 695-5450
Email: imtoke@mindspring.com

Peter M. Cho (State Bar No. 213870)
DAVID M. BASS & ASSOCIATES
1900 Avenue of the Stars
Suite 200
Los Angeles, California 90067
Telephone: (310) 789-1152
Facsimile: (310) 789-1149
Email: pcho@basslawla.com

Attorneys for Defendant SAMANTHA RONSON

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVIS & GILBERT LLP,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SAMANTHA RONSON,<br><br>                    Defendant. | Index No. 08-CV-02876-JSR<br><br>**NOTICE OF MOTION OF DEFENDANT SAMANTHA RONSON TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR, IN THE ALTERNATIVE, TO DISMISS FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER FOR CONVENIENCE**<br><br>Date:         July 15, 2008<br>Time:        5:00 p.m.<br>Courtroom:  14B |

     PLEASE TAKE NOTICE that upon the annexed Declarations of Samantha Ronson and David M. Bass, Esq., dated June 2, 2008, and the exhibits attached thereto, the Request To Take Judicial Notice, attached hereto as Appendix A, and all the papers and proceedings had herein, the undersigned attorney for Defendant Samantha Ronson will move this Court at the Courthouse, 500 Pearl Street, New York, New York, for an Order: (1) dismissing the Complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2); or (2) in the alternative, dismissing the Complaint for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3); or (3) in the

alternative, transferring this action to the Central District of California pursuant to 28 U.S.C. §1406(a); or (4) in the alternative, transferring this action to the Central District of California for the convenience of the parties and the witnesses, pursuant to 28 U.S.C. § 1404(a); and (5) for such other and further relief as this Court may seem just and proper. A copy of the Complaint which is the subject of the Motion is attached hereto as Appendix B. Pursuant to the Court's direction, answering papers, if any, shall be served and filed no later than June 23, 2008; reply papers, if any, shall be served and filed no later than July 3, 2008; and oral argument is scheduled for July 15, 2008 at 5:00 p.m., or as soon thereafter as counsel may be heard.

Dated: New York, New York  
June 2, 2008

                                       /s/  
IRA DANIEL TOKAYER, ESQ. (IT-4734)  
42 West 38th Street, Suite 802  
New York, New York 10018  
(212) 695-5250

Peter M. Cho (State Bar No. 213870)  
DAVID M. BASS & ASSOCIATES  
1900 Avenue of the Stars  
Suite 200  
Los Angeles, California 90067  
Telephone: (310) 789-1152

Attorneys for Defendant Samantha Ronson

Ira D. Tokayer, Esq. (IT-4734)
LAW OFFICES OF IRA DANIEL TOKAYER
42 West 38th Street, Suite 802
New York, New York 10018
Telephone: (212) 695-5250
Facsimile: (212) 695-5450
Email: imtoke@mindspring.com

Peter M. Cho (State Bar No. 213870)
DAVID M. BASS & ASSOCIATES
1900 Avenue of the Stars
Suite 200
Los Angeles, California 90067
Telephone: (310) 789-1152
Facsimile: (310) 789-1149
Email: pcho@basslawla.com

Attorneys for Defendant SAMANTHA RONSON

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| DAVIS & GILBERT LLP, | Index No. 08-CV-02876-JSR |
|---|---|
| Plaintiff, | **DEFENDANT SAMANTHA RONSON'S REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR, IN THE ALTERNATIVE, TO DISMISS FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER FOR CONVENIENCE** |
| vs. | |
| SAMANTHA RONSON, | |
| Defendant. | |
| | Date: July 15, 2008<br>Time: 5:00 p.m.<br>Courtroom: 14B |

      PLEASE TAKE NOTICE that, pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Samantha Ronson ("Ronson") hereby requests that this Court take judicial notice of the following documents and pleadings, identified below. This request is made in connection with Ronson's Motion to Dismiss for Lack of Personal Jurisdiction; or, in the Alternative, to Dismiss for Improper Venue; or, in the Alternative, to Transfer for Improper Venue; or, in the Alternative, to Transfer for Convenience, submitted separately herewith (the "Motion"):

1. The matters contained in the documents and pleadings from the action entitled *Samantha Ronson v. Sunset Photo and News, LLC, et al.*, Case No. BC374174 in the Superior Court of the State of California for the County of Los Angeles (the "Defamation Action"). These documents and pleadings are discussed in the Declaration of David M. Bass in support of the Motion, submitted separately herewith (the "Bass Declaration"), and are attached as exhibits to the Bass Declaration;

2. The matters contained in the Summons and Verified Complaint from the action entitled *Davis & Gilbert LLP v. Samantha Ronson*, Index No. 603759-07 in the Supreme Court of the City of New York, County of New York (the "First New York Action"). The Summons and Verified Complaint in the First New York Action are discussed in Paragraph 34 of the Bass Declaration and attached as Exhibit GG to the Bass Declaration; and

3. The matters contained in the Complaint for (1) Negligence; (2) Breach of Contract; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Breach of Fiduciary Duty from the action entitled *Samantha Ronson v. Martin Garbus, et al.*, Case No. BC390043 in the Superior Court of the State of California for the County of Los Angeles (the "Malpractice Action"). The Complaint in the Malpractice Action is discussed in Paragraph 39 of the Bass Declaration and the face page of the Complaint is attached as Exhibit II to the Bass Declaration.

It is well settled that a district court may take judicial notice of matters of public record such as pleadings, orders, and other documents on file in other actions. *See, e.g., Kramer v. Time Warner, Inc.,* 937 F.2d 767, 774 (2d Cir. 1991) (noting that "courts routinely take judicial notice of documents filed in other courts"); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (noting that docketed materials "are public records of which the court [can] take judicial notice"); *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.) (taking judicial notice of order in another action), *cert. denied*, 516 U.S. 964, 116 S. Ct. 418 (1995); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of motion to dismiss and supporting memorandum); *see also Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 981

n.18 (9th Cir. 1999) (district court "may consider facts that are contained in materials of which the court may take judicial notice"). Accordingly, in *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328 (2d. Cir. 2006), the Second Circuit took judicial notice of the contents of twenty-five related proceedings. *Id.* at 338. Similarly, in *Kourtis v. Cameron*, 419 F.3d 989 (9th Cir. 2005), the Ninth Circuit took judicial notice of materials submitted in another litigation. *Id.* at 995 n.3. Here, as well, this Court properly may take judicial notice of the matters contained in the documents and pleadings from the Defamation Action, the First New York Action, and the Malpractice Action, identified in Paragraphs 1 through 3, above.

Accordingly, for all of the reasons discussed above, Ronson respectfully requests that this Court take judicial notice of the matters identified in Paragraphs 1 through 3, above.

Dated: New York, New York
June 2, 2008

    /s/
IRA DANIEL TOKAYER, ESQ. (IT-4734)
42 West 38th Street, Suite 802
New York, New York 10018
(212) 695-5250

Peter M. Cho (State Bar No. 213870)
DAVID M. BASS & ASSOCIATES
1900 Avenue of the Stars
Suite 200
Los Angeles, California 90067
Telephone: (310) 789-1152

Attorneys for Defendant Samantha Ronson

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

DAVIS & GILBERT LLP

V.

SAMANTHA RONSON

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 02876

TO: (Name and address of Defendant)

Samatha Ronson
c/o David M. Bass & Associates, Inc.
1900 Avenue of the Stars, Suite 200
Los Angeles, CA 90067

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

DAVIS & GILBERT LLP
1740 Broadway, 21st Floor
New York, New York 10019

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                MAR 18 2008

CLERK                                              DATE

(By) DEPUTY CLERK

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                         *Signature of Server*

                                      *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

DAVIS & GILBERT LLP
Martin Garbus (MG-6261)
1740 Broadway
New York, New York 10019
(212) 468-4800
Email: mgarbus@dglaw.com
*Attorneys for Plaintiff Davis & Gilbert LLP*



UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

DAVIS & GILBERT LLP,

    Plaintiff,

-against-

SAMANTHA RONSON.,

    Defendant.

Index No.

**COMPLAINT**

## NATURE OF THE ACTION

1. This is an action for legal fees incurred in the State of New York by the defendant, Samantha Ronson. Because the amount in dispute exceeds $75,000 and plaintiff and defendant reside in different states, the Court has diversity jurisdiction pursuant to Section 28 U.S.C. 1332 (a).

## PARTIES

2. Plaintiff Davis & Gilbert LLP ("D&G" or "Plaintiff") is a New York limited liability partnership which engages in the practice of law with its principal place of business in New York City.

3. Upon information and belief, defendant Samantha Ronson ("Ronson") is an individual residing in the State of California, City of Los Angeles.

## VENUE

4. Venue is proper because plaintiff's principle place of business is in New York, because the acts giving rise to the causes of action in this complaint occurred within New York County, and because Ronson transacts business in New York and plaintiff's claim arises from said transaction.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

5. Upon information and belief, Ronson transacts or has transacted business in the State of New York, and Plaintiff's claims arise from said transaction of business.

6. By letter dated June 8, 2007, and agreed to on June 19, 2007, Ronson retained D&G as legal counsel to represent Ronson in connection with lawsuits to be filed against websites which defamed Ronson

7. The services rendered by D&G and by Bingham McCutchen LLP ("Bingham"), California counsel retained by D&G, were duly accepted by Ronson.

8. Statements for the services rendered by D&G and by Bingham for Ronson and costs incurred by D&G and by Bingham on behalf of Ronson presently outstanding, total for Bingham $23,340.17 and for D&G $141,590.55, for a total of $164,930.72.

9. Despite demands, Ronson has failed to pay D&G and Bingham.

10. D&G and Bingham have performed all services required by them on behalf of Ronson.

11. One of the defendants, Celebrity Babylon, sued in a libel case, by Plaintiffs, on behalf of Ronson, issued a retraction, agreed to feature that retraction on its website and agreed to have that retraction on Ronson's website. Celebrity Babylon also agreed to remove any references on its website to any allegations that Ronson ever used drugs. The other defendant, Mario Lavandeira, was to be deposed at the time that Plaintiffs were discharged.

12. Defendant, after stating she intended to pay for the services rendered, claimed she was unable to pay the legal fees. She failed to return calls, missed appointments, and otherwise acted in an unprofessional manner, making the presentation of the case, and the settlement with Celebrity Babylon, exceedingly difficult. Defendant then discharged Plaintiffs to seek a contingency lawyer.

13. There is, at present, due to D&G from Ronson the sum of $164,930.72.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Unjust Enrichment)

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 12 of the Complaint as if set forth fully herein.

15. D&G and Bingham rendered services for, and incurred expenses on behalf of, Ronson.

16. Ronson knew such services were being performed and such expenses were being incurred by D&G and Bingham with the expectation of payment, and Ronson acquiesced to said services being performed and said expenses being incurred, and accepted the same and received the benefits therefrom.

3

17. Said services rendered by D&G and by Bingham, and expenses incurred by D&G and Bingham, on behalf of Ronson are reasonably worth the sum of $164,930.72.

18. There is at present due and owing to D&G from Ronson the sum of $164,930.72.

### AS AND FOR A THIRD CAUSE OF ACTION

### (Statement of Account)

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 of the Complaint as if set forth fully herein.

20. Plaintiff submitted a statement of account to Ronson for D&G for the period beginning June 6, 2007 and ending October 16, 2007, totaling $141,590.55. beyond the original retainer.

21. Plaintiff submitted a statement of account to Ronson for Bingham's services for the period September 4, 2007 and ending September 30, 2007, totaling $23,340.17.

22. Ronson accepted Plaintiff's statement of account, sayng she would work out a payout but has failed to do so.

23. There is presently due from Ronson to Plaintiffs the sum of $164,930.72, plus incterest from October 16, 2007.

WHEREFORE, Plaintiff demands judgment against Ronson as follows:

(a) On the First Cause of Action, the sum of $164,930.72, plus interest from October 16, 2007;

(b) On the Second Cause of Action, the sum of $164,930.72, plus interest from October 16, 2007;

(c) On the Third Cause of Action, the sum of $164,930.72, plus interest from October 16, 2007;

(d) The costs and disbursements of this action; and

(e) Such other and further relief as the Court deems necessary and proper.

Dated: New York, New York
March 1̲8̲, 2008

DAVIS & GILBERT LLP

By: _____
Martin Garbus
Attorneys Pro Se
1740 Broadway
New York, New York 10019
(212) 468-4800